IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **EUDELL D. DICKERSON, JR.,** | )<br>) |
| Petitioner, | )<br>) |
| v. | )    CIVIL ACTION NO. 5:10-1363<br>) |
| **FEDERAL BUREAU OF PRISONS,** | )<br>) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 8, 2010, Petitioner, acting *pro se*,[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) Petitioner challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Id., pp. 1 - 3.) Specifically, Petitioner contends that he is entitled to Federal credit for time spent in State custody. (Id.) Petitioner contends that he is entitled to nunc pro tunc designation because the detainer issued by the United States Marshall Service stated that Petitioner was "sentenced to 65 months in the Federal Bureau of Prisons. The defendant shall be given credit for time served." (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated June 8, 2010 (Id., p. 5.); (2) A copy of Administrative Harrell Watts' Response dated September 28, 2010 (Id., p. 6.); (3) A copy of Petitioner's "Sentence Monitoring Computation Data As of 05-14-2009" (Id., pp. 7 - 8.); (4) A copy of the "Detainer Based on Federal Judgment and Commitment" as issued by the United States Marshals Service (Id., p. 9.);

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and (5) A copy of the "Order of Incarceration to the Penitenitary" as filed in the Circuit Court of Raleigh County, West Virginia, on January 24, 2008 (Id., pp. 10 - 11.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on April 27, 2012.

[3] The Court notes that Petitioner does not allege that the BOP failed to properly consider him for nunc pro tunc designation. Petitioner merely contends that he is entitled to nunc pro tunc designation because the detainer stated that he was to receive "credit for time served." Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. *See Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). To the extent Petitioner is alleging that he is entitled to prior custody credit for time served in State custody, his claim is without merit. The BOP may not grant prior custody credit for time that has been credited against another sentence. *See United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: November 13, 2013.

R. Clarke VanDervort
United States Magistrate Judge